No. 40,777

CLYDE JONES, *Appellant*, v. J. N. HUDSON, *Appellee.*

(320 P. 2d 805)

Opinion filed January 25, 1958.

*F. J. Leasure,* of El Dorado, was on the briefs for the appellant.

*Robert M. Green,* of El Dorado, argued the cause for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover on a note. Plaintiff (appellant) filed a petition alleging the execution and delivery of and the nonpayment of the balance due on the note, and attached to the petition a copy of the note with endorsements thereon. Defendant (appellee) filed a verified answer containing a general denial and affirmatively alleging that if his signature appeared on the note it was procured by plaintiff having led him to believe he was signing something other than a note and he owed plaintiff nothing. Plaintiff replied by a general denial. On the issues thus joined, the case went to trial.

Plaintiff introduced in evidence the note with the endorsements thereon and rested. Several witnesses testified for the defendant, including himself. Plaintiff demurred to defendant's evidence for

the reason that defendant had failed to prove any defense to plaintiff's cause of action. The demurrer was overruled and the case was submitted to the jury, which returned a verdict for defendant. On plaintiff's motion, a new trial was granted. Plaintiff appeals from the order of the trial court overruling his demurrer to defendant's evidence.

The trial court's ruling on a demurrer to the evidence is made an appealable order by the provisions of G. S. 1949, 60-3302 (and cases cited thereunder).

We will review the defendant's evidence, giving it the most favorable inference to which it is entitled, to determine whether it raised any issuable fact to warrant the trial court's submission of the case to the jury. The case has been submitted to this court solely on plaintiff's very meager abstract of the testimony and brief. The record discloses that defendant, on direct examination, testified that the signature "J. N. Hudson" on the note in question was his name and that it appeared to be in his writing. At no place in defendant's testimony does he deny that he executed the note. Defendant offered no testimony to controvert the allegations and statements of the petition nor any evidence in support of the allegations of his answer. Moreover, the defendant did not plead payment of the note nor did he offer evidence of payment.

The only affirmative defense raised by the verified answer is that fraud or deception was committed, in that defendant was led to believe he was placing his signature on something other than the note. It is unnecessary to set out the testimony of the witnesses, as we can find no evidence that plaintiff misled defendant or induced him to sign the note by any misrepresentation. The defendant having admitted the execution of the note and having failed to introduce any evidence as to his affirmative defense, the trial court erred in not sustaining plaintiff's demurrer thereto. It follows that the judgment of the trial court is reversed and the cause is remanded with directions to sustain plaintiff's demurrer to defendant's evidence and enter judgment in favor of the plaintiff.

It is so ordered.